52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jerry KOLZ and Dino Janis, Plaintiffs-Appellants,
v.
Jerry C. GREER, Geraldine Jacobs, Roy Sye, as members of the
Wood Dale Municipal Officers Electoral Board, and
the Wood Dale Municipal Officers
Electoral Board, Defendants-Appellees.
 No. 95-1712.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 30, 1995.
Decided April 3, 1995.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 ORDER
 Plaintiff Kolz filed nominating papers as an aldermanic candidate in the City of Wood Dale in DuPage County, Illinois. A challenge to the petition, claiming that the pages were not consecutively numbered as required by Section 10-4 of the Illinois Election Code, 10 ILCS 5/10-4, was sustained by the City Electoral Board and the nominating papers declared invalid. Kolz then sought a temporary restraining order from the district court on February 11, 1995. The relief was denied. Plaintiff then unsuccessfully sought reversal of the Board's decision in the DuPage County Circuit Court. The Illinois Appellate and Supreme Courts refused expedited appeals. An application for stay of the electoral board's order filed with Justice Stevens in the United States Supreme Court was also denied.
 
 
 1
 Plaintiffs filed a renewed motion for injunctive relief in the district court on March 20, 1995. Claiming that the sanction of removal from the ballot violated his First and Fourteenth Amendment rights, plaintiffs sought a temporary restraining order, preliminary injunction and declaratory relief prohibiting the deletion of Kolz from the ballot in the April 4, 1995 election. The district court denied injunctive relief on March 21, 1995. This appeal followed; briefing and consideration were expedited.
 
 
 2
 To receive preliminary injunctive relief a petitioner must show that he or she will be irreparably harmed, that there is no adequate remedy at law and that there is enough likelihood of success on the merits to tip the balance of harms toward granting injunctive relief. Roland Machinery Co. v. Dresser Industries, 749 F.2d 380, 383 (7th Cir.1984). Although this court gives deference to the district court's decision weighing equitable factors and discretionary acts, our review of legal conclusions, such as likelihood of success on the merits, is de novo. Gateway Eastern Ry. Co. v. Terminal R.R. Ass'n of St. Louis, 35 F.3d 1134, 1137 (7th Cir.1994).
 
 
 3
 In this case, the district court found that plaintiffs would clearly suffer irreparable harm and would have no adequate remedy at law. However, the district court found little likelihood of success on the merits of plaintiffs' federal claim and denied injunctive relief. Upon expedited review and consideration of the parties briefs, we find that the district court judge properly denied the preliminary injunction. The plaintiffs do not directly challenge section 10-4 of the Illinois Election Code which requires the pages of nominating papers to be consecutively numbered. They claim instead that striking nominating papers as a sanction for non-compliance is constitutionally impermissible.
 
 
 4
 However, it appears that forbidding the state from striking nominees as a sanction for non-compliance would render the provision meaningless. Like the district court, we are unpersuaded that plaintiffs' claims on the merits hold enough likelihood of success to warrant the issuance of an injunction. Review in regard to the other factors is unnecessary. The order of the district court denying a preliminary injunction and declaratory relief is AFFIRMED and appellants' request for relief from this court is DENIED. The mandate shall issue immediately.